UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-258-RJC-DSC

| CHARLES MANDIZHA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| BANK OF AMERICA CORPORATION and TEKSYSTEMS | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Charles Mandizha's ("Plaintiff's") pro se Motion for Entry of Default, (Doc. No. 12) and TEKsystem's Response in Opposition, (Doc. No. 13).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). In order to file an entry of default, the plaintiff must have first properly served the alleged defaulting party. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); Powell v. First Mount Vernon Indus. Loan Ass'n, No. 1:11CV695, 2012 WL 12883595, at *5 (M.D.N.C. Sept. 27, 2012), report and recommendation adopted, No. 1:11-CV-695, 2012 WL 12883596 (M.D.N.C. Nov. 30, 2012) (denying the plaintiff's motion to reconsider denial of default when defendant was improperly served). Here, Plaintiff failed to properly serve TEKsystems in accordance to Rule 4(h)(1) of the Federal Rules of Civil Procedure. Although Plaintiff served Megan O'Meara and

1

Jerry H. Walters, Jr., neither of those individuals function as officers, directors, or agents of defendant TEKsystems for the purpose of service of process. (Doc. No. 13-1 at 5–6).

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se Motion for Entry of Default, (Doc. No. 12), is **DENIED**.

Signed: December 19, 2017

Robert J. Conrad, Jr.
United States District Judge