UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00258-RJC-DSC

| | |
|---|---|
| CHARLES MANDIZHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| BANK OF AMERICA CORPORATION ) | |
| and TEKSYSTEMS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Charles Mandizha's ("Plaintiff's") *pro se* Motion for Reconsideration, (Doc. No. 28), and this Court's previous Order denying Motion for Entry of Default, (Doc. No. 27). TEKsystems has filed a Response in Opposition, (Doc. No. 29), and the matter is ripe for the Court's consideration.

I.  BACKGROUND

Plaintiff filed his *pro se* complaint on May 12, 2017. (Doc. No. 1). Plaintiff attempted to serve Defendant TEKsystems twice. First, Plaintiff sent a Summons to Megan O'Meara, TEKsystems' Associate General Counsel. (Doc. Nos. 13 at 1; 31-1 ¶¶7–8). Second, Plaintiff sent a Summons to Jerry H. Walters, Jr., TEKsystems' outside counsel. (Doc. No. 3-1 ¶9). Mr. Walters had previously contacted Plaintiff, informing him that he failed to properly serve TEKsystems. (Doc. No. 10 at 1). Mr. Walters attempted to aid Plaintiff by sending a waiver of service form but, rather than completing that form, Plaintiff sent his second Summons to Mr. Walters by certified mail. (Doc. No. 7). Plaintiff thereafter filed his Motion for Entry of Default

1

as to TEKsystems. (Doc. No. 12). The Court denied this Motion after considering Plaintiff's failure to properly serve TEKsystems. (Doc. No. 27). Plaintiff now moves the Court to reconsider its Order. Plaintiff argues that, as a pro se litigant, he is "trying his best to get justice in this matter . . . ." (Doc. No. 28 ¶1). Plaintiff states that he "sent summons to representatives of the two defendants who were not necessarily officers but were already involved and familiar with the case. Bank of America responded timely to the summons. Teksystems did not." (Id. ¶2). Plaintiff believed that because Mr. Walters had the authority to file a waiver of service, he also had the authority to receive a Summons on behalf of TEKsystems. (Id. ¶4).

## II. ANALYSIS

Plaintiff correctly points out that *pro se* litigants are afforded "greater latitude" than represented litigants "to correct defects in service of process." Miller v. Northwest Region Library Bd., 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004). However, this greater leeway does not entitle *pro se* plaintiffs to entry of default. See Norfolk S. Ry. Co. v. Old Stage Partners, LLC, No. 5:07-CV-457-F, 2008 WL 5220219, at *3 (E.D.N.C. Dec. 12, 2008) (explaining the plaintiff's burden in showing proper service and concluding that "[w]ithout proper service being established, this court cannot allow the Motion for Default."). Default is an extreme remedy. The Fourth Circuit has long affirmed its policy against it, preferring claims and defenses to be decided on their merits. Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

"[T]he rules are there to be followed, and plain requirements for the means of

effecting service of process may not be ignored." McCreary v. Vaughan-Bassett Furniture Co., 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005), report and recommendation adopted (Jan. 26, 2006) (citing Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). The "greater latitude" awarded to *pro se* litigants entitles them to more lenient enforcement of the Federal Rules of Civil Procedure, including service of process. The Fourth Circuit has liberally construed the provisions of Rule 4, especially where actual notice is received. Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963). In fact, courts have gone so far as to excuse inadequate service of process when *pro se* parties are involved. See Wrenwick v. Berry Glob. Films, LLC., 3:17-CV-394, 2018 WL 3636572, at *2 (W.D.N.C. July 31, 2018) (declining to invalidate service of process when a *pro se* plaintiff served an improper party of an LLC); MJL Enters., LLC v. Laurel Gardens, LLC, No. 2:15cv100, 2015 WL 6443088, at *5 (E.D. Va. Oct. 23, 2015) (disregarding the imperfect service of a *pro se* plaintiff when it was calculated to give the defendant actual notice). "While the Supreme Court has noted that rules concerning service of process must be "strictly followed," … it has focused on whether there is a 'sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it.'" MJL Enters., LLC, 2015 WL 6443088, at *5.

While the Court denies Plaintiff's Motion to Reconsider due to the extreme circumstances of granting an entry of default, it recognizes that TEKsystems has actual notice of Plaintiff's claims against it. Plaintiff attempted to serve TEKsystems

3

twice and TEKsystems went so far as to authorize its outside counsel, Mr. Walters, to provide Plaintiff with a waiver of services form. (Doc. No. 29 at 2). In line with the above-mentioned leniency to *pro se* parties, the Court hereby finds service of process sufficient and **ORDERS** TEKsystems to otherwise respond to Plaintiff's Complaint within 60 days of the issuance of this order.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Reconsideration, (Doc. No. 28), as to this Court's previous Order denying Motion for Entry of Default, (Doc. No. 27), is **DENIED**;

2. Defendant TEKsystems, having actual notice of this suit brought by a *pro se* plaintiff, is hereby **ORDERED** to respond to Plaintiff's complaint within 60 days of the issuance of this Order.

Signed: August 20, 2018

Robert J. Conrad, Jr.
United States District Judge