# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00258-RJC-DSC

| | |
|---|---|
| CHARLES MANDIZHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| BANK OF AMERICA CORPORATION ) | |
| and TEKSYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Compel Arbitration" (documents #31 and 33) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

The pro se Plaintiff is a former employee of Defendant TEKsystems who was assigned to work at its client Defendant Bank of America. Plaintiff executed a Mutual Arbitration Agreement ("Arbitration Agreement") when he began working for TEKsystems, which he agreed was "governed by the [Federal Arbitration Act]." Document #31-1, Exhibit C. Except as to certain limited "Claims Not Covered by this Agreement" not applicable here, Plaintiff agreed to arbitrate all claims against TEKsystems "and/or any of its clients or customers" related to his employment, including claims for alleged discrimination, harassment, and retaliation. Id.

On May 12, 2017, Plaintiff filed his Complaint alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") against Defendants.

Plaintiff served Bank of America, see Document #4, but did not properly serve TEKsystems. See "Order" (document #30) entered August 20, 2018 by the Honorable Robert J. Conrad, Jr. (denying Plaintiff's Motion for Entry of Default against TEKsystems (document #12) and ordering "Defendant TEKsystems, having actual notice of this suit brought by a pro se plaintiff … to respond to … complaint within 60 days of issuance of this Order").

On October 19, 2018, Defendants filed their Motions to Compel Arbitration. Bank of America seeks to compel arbitration as a non-signatory beneficiary. Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001) (arbitration compelled for non-signatories of arbitration agreement where their claims "involved common questions of law or fact" as arbitrable claims).

Plaintiff does not dispute the validity or scope of the arbitration agreement. He argues that Defendants delayed in compelling arbitration, thus "substantially invok[ing] the judicial process" and waiving their right to arbitration. Document #35 at 3, Document #36 at 2. He also argues generally that mandatory arbitration clauses are inequitable and bad public policy. Documents ## 35 and 36.

The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (internal quotation omitted). This Court must compel

arbitration if "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015).  In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing the formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

A party has impliedly waived its contractual right to arbitration if, by its delay or actions inconsistent with arbitration, another party is prejudiced by the order compelling arbitration. Maxum Foundations, Inc. v. Salus Corp., 779 F. 2d 974, 981 (4th Cir. 1985); Cyclone Roofing Co. v. David M. LaFave Co., 312 N.C. 224, 321 (N.C. 1984). When the party seeking arbitration has substantially invoked the judicial process to the other party's detriment, courts will find a waiver of the right to compel arbitration. MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001); Maxum Foundations, Inc., 779 F.2d at 981.  The decision is within the Court's discretion and is based upon the specific facts of the case. Id.  "The circumstances giving rise to statutory default are limited and, in light of the federal policy favoring arbitration, are not to be lightly inferred." Maxum, 779 F.2d at 981.  Courts in other circuits have considered three factors in determining prejudice: whether discovery has occurred on arbitrable claims, the time and expense incurred defending against dispositive motions, and the moving party's failure to timely assert its right to arbitrate. JS Barkats, PLLC v. BE, Inc., 2013 WL 44919 (S.D.N.Y. 2013) (five month delay insufficient to create prejudice where no discovery occurred and no dispositive motions were filed) (citing Republic Inc. Co. v PAICO Receivables, LLC, 383 F.3d 341, 346 (5th Cir. 2004)).

The Court concludes that Defendants are entitled to an order compelling arbitration. Defendants have shown that Plaintiff entered into a valid agreement to arbitrate.  No dispositive

motions have been filed and discovery has not commenced. TEKsystems moved to compel arbitration within the time allotted to respond to the Complaint. Plaintiff has failed to overcome the well established policy favoring arbitration.

The Court has discretion to dismiss an action where all the issues raised are arbitrable. The more common practice is to stay the action or those claims pending the outcome of arbitration in order to provide a convenient forum for confirmation of any ensuing arbitration award. See 9 U.S.C. § 3 ("a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration...."); 9 U.S.C. § 9 ("any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated…").

For those reasons and the other reasons stated in Defendants' briefs, their Motions to Compel Arbitration are granted.

**NOW THEREFORE IT IS HEREBY ORDERED:**

1. Defendants' "Motion[s] to Compel Arbitration" (documents #31 and 33) are **GRANTED.** The parties shall arbitrate Plaintiff's claims as provided in the Arbitration Agreement. Pending completion of arbitration, this case is **STAYED.** The parties are directed to file a status report within fifteen days of conclusion of the arbitration proceeding.

2. The Clerk is directed to send copies of this Order to counsel of record and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: January 11, 2019

David S. Cayer
United States Magistrate Judge